203 N.J. Super. 275 (1985)
496 A.2d 738
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD J. STIENE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 15, 1985.
Decided July 26, 1985.
*276 Before Judges DREIER and DEIGHAN.
Peter A. Pfaffenroth argued the cause for appellant (Peter A. Pfaffenroth, on the brief).
Denise H. Pappas, Assistant Prosecutor argued the cause for respondent (Lee S. Trumbull, Prosecutor Morris County; Catherine M. Langlois, on the letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant has appealed from his conviction on a trial de novo by the Law Division for operating a motor vehicle under the influence of alcohol contrary to N.J.S.A. 39:4-50. He was fined $1,000 plus court costs, his license was suspended for 10 years and he was sentenced to 180 days in the Morris County jail, to be served as 90 days of community service and 90 days in an in-patient alcoholic rehabilitation program.
The offense allegedly occurred in Mendham, New Jersey on March 26, 1983. Defendant had attempted to sell an old car that had been purchased by him at an auction sale. The car had practically no gas and, when a prospective purchaser took *277 it for a test drive, it ran out of gas close to defendant's home. Defendant unsuccessfully attempted to move the car under its own power, and then later without the key and in an admittedly intoxicated state, he had his mother use another vehicle to attempt to push the car in question back to his home. Since the car apparently was out of gas and may also have had its battery run down, it would not move. Due to the car's peculiarities, without the key the shift lever could be moved between "park" and "reverse," and when placed between these positions, the car could be rolled.[1] When defendant's mother attempted to push the car, however, her vehicle sustained damage due to the inability of defendant's car to move, since the gearshift lever had snapped back to "park."
One question raised by defendant is whether there was any basis for the trial judges to have found that he was behind the wheel, since no witness saw him there in his intoxicated state. The investigating officer testified that he concluded defendant was behind the wheel, or otherwise attempted to control its motion, when his mother tried to push the car. Defendant allegedly further told the officer that "he was being pushed by his mother." The inference that one would not have his car pushed while merely standing beside it, especially where the gearshift lever had to be held between the "park" and "reverse" position for the car to move, was entirely proper for the trial judge to make. Cf. State v. Reyes, 50 N.J. 454, 458-59 (1967).
The sole legal issue in this case is whether defendant's activities constituted "operation" of the vehicle in violation of N.J.S.A. 39:4-50(a), prescribing penalties for "a person who operates a motor vehicle while under the influence of intoxicating liquor...." [Emphasis added].
*278 There are but few New Jersey cases that have considered the issue of "operation." See State v. Daly, 64 N.J. 122 (1973); State v. Sweeney, 40 N.J. 359 (1963); State v. Jeannette, 172 N.J. Super. 587 (Law Div. 1980); State v. Prociuk, 145 N.J. Super. 570 (Cty Ct. 1976). State v. Sweeney established the principle that when one in a public place "turns on the ignition, starts and maintains the motor in operation and remains in the driver's seat behind the steering wheel, with the intent to move the vehicle," he "operates" the motor vehicle within the meaning of N.J.S.A. 39:4-50. Although the "intent" test was criticized in the dissenting opinion of Justice Francis in Sweeney and in the concurring opinion of Justice Clifford (with whom Justice Pashman joined), in State v. Daly, "intent" is the principal consideration to determine operation. In fact, in State v. Daly, where the driver sat behind the wheel with the engine running for a considerable length of time, using the engine only to power the heater in the car but with no intent to move the vehicle, the court found no violation of the statute.
State v. Prociuk noted that proof of operation may be provided by the defendant's statements, even though the car when found was inoperable in that it had run out of gas. State v. Jeannette involved the "operation" of a motorcycle by the defendant's coasting a short distance on the vehicle in neutral, without activating the motor. Defendant's girlfriend had taken the key from him so that he could not operate the vehicle in his intoxicated condition. The court nevertheless determined that the public was to be protected from the moving vehicle irrespective of whether it was powered by its engine or by gravity. This case is cited to us for the proposition that the vehicle must move in order that defendant be found guilty of violating the statute. We do not so read Jeannette.
Following Sweeney and Daly we determine that we must focus upon defendant's intent. In Daly, if defendant had been found in the stationary vehicle with the intent to move it, there is no doubt from our reading of the opinion that a *279 conviction would have been warranted. Therefore, the motion of the vehicle is not a limiting factor. We also agree with the decision in Jeannette that the engaging of the engine in a moving vehicle is not required for a conviction.
Synthesizing these cases, it appears that when one in an intoxicated state places himself behind the wheel of a motor vehicle and not only intends to operate it in a public place, but actually attempts to do so (even though the attempt is unsuccessful) and there is the possibility of motion, he violates the statute.[2] The Legislature through this statute and others has demonstrated its antipathy to the operation of motor vehicles by those under the influence of alcohol, drugs or other intoxicants. Only chance and defendant's lack of dexterity in holding the gearshift lever between the "park" and "reverse" settings prevented this automobile from being placed in motion by a person with a blood alcohol reading well in excess of that necessary to declare him unfit to operate the vehicle. Here we have not only an intent to operate but a concerted attempt to move the vehicle. There is really little difference between the defendant here and the defendant in Sweeney. There the power was to be supplied by the engine; here by the mother's vehicle. When defendant here held the lever in the position needed for forward motion and had his mother attempt to push the car, the situation was much the same as when the Sweeney defendant turned on the engine with the intent to move. We, therefore, find defendant's actions constituted operation within the meaning of the statute.
Defendant contends that he cannot be convicted of operating an inoperable vehicle. This issue has been considered in other jurisdictions. Out-of-state authorities are divided on the *280 issue. Compare State v. DeCoster, 147 Conn. 502, 162 A.2d 704 (1960); State v. Scanlon, 110 N.H. 179, 263 A.2d 669 (1970); (superseded on other grounds by statute as stated in State v. Shutt, 116 N.H. 495, 363 A.2d 406 (1970); People v. Hoffman, 53 Misc.2d 1010, 280 N.Y.S.2d 169 (1967); State v. Hatcher, 210 N.C. 55, 185 S.E. 435 (1936); and Line v. State, 191 Tenn. 380, 234 S.W.2d 818 (1950) (where "operating" was deemed not established where the automobile was operable), with Walker v. State, 241 Ark. 396, 408 S.W.2d 474 (1966); Harris v. State, 97 Ga. App. 495, 103 S.E.2d 443 (1958); State v. Schuler, 243 N.W.2d 367 (N.D. 1976); Crane v. State, 461 P.2d 986 (Okla. 1969); and Commonwealth v. Taylor, 237 Pa.Super. 212, 352 A.2d 137 (1975) (where "operating" was deemed established although the automobile was inoperable). See also the Annotation to State v. Daly, "What constitutes driving, operating, or being in control of motor vehicle for purposes of driving while intoxicated statute or ordinance," 93 A.L.R.3d 7 (1979). We need not resolve that issue here since, applying the Jeannette standard, the vehicle was "operable," since it could be rolled or pushed.
We note that there is a statement in State v. Prociuk, supra, 145 N.J. Super. at 574 that "[w]hile the statute does not require much to constitute `operation,' the vehicle must at least be operable." As stated above, in that case the inoperability was simply that the vehicle had run out of gas, but the driver was attempting to move a log that was blocking its forward motion. To the limited extent that Prociuk disagrees with the principles herein expressed, it is disapproved. There, as here, the driver was attempting to move a vehicle that was capable of movement. If, notwithstanding the lack of gasoline, the log in Prociuk had been moved, or the "park" mechanism had been disengaged in the case before us, the vehicle would have moved and would have been under the control of an intoxicated driver. We find that the Legislature in its efforts to protect the public has proscribed such conduct.
The judgment appealed from is affirmed.
NOTES
[1] Although from the transcript, it appeared that the car could be moved in the "reverse" position, counsel explained that the lever had to be held between the two positions. We accept this explanation.
[2] We note that in the attempt by defendant's mother to push defendant's car there may have been some forward motion even though the braking mechanism was not overcome. The trial judge disregarded such de minimis motion and rested his decision on the attempt to move the car. We concur with that determination.