**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2624-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMIE APPLEBY,

     Defendant-Appellant.

_____

Submitted January 14, 2019 – Decided January 31, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 0017-10.

Elaine M. Diamantides, attorney for appellant.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Deputy Executive Assistant Prosecutor, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jamie Appleby appeals the Law Division's January 26, 2018 order upholding the Lacey Township's Municipal Court's May 16, 2017 conviction of her for driving while intoxicated ("DWI"), N.J.S.A. 39:4-50. We affirm.

On August 22, 2016 defendant was issued three complaint summonses for DWI, reckless driving, N.J.S.A. 39:4-96, and failure to exhibit documents, N.J.S.A. 39:3-29. Defendant also received a complaint charging her with driving while intoxicated with a minor in the vehicle, N.J.S.A. 39:4-50.15(b). On May 16, 2017, the Lacey Township Municipal Court conducted a trial. At trial, the parties stipulated that defendant had registered a blood alcohol content of .21, in excess of the legal limit. The sole issue at trial was whether defendant operated a vehicle within the meaning of N.J.S.A. 39:4-50(a).

Lacey Township Police Officer Jason Lee, the responding officer, testified for the State. Tara Britton and Ted Mosulak, friends of defendant, testified for defendant. Defendant also testified on her own behalf. We briefly recite the relevant facts from the witnesses' testimony.

On the evening of August 22, 2016, Officer Lee responded to a 911 call about a disabled vehicle in the intersection of Route 9 and Nautilus Boulevard. Upon arrival, Officer Lee observed defendant in the driver's seat and Britton

pushing the car. After speaking with the women, Officer Lee issued the complaint summonses and complaint to defendant. Once a tow truck driver arrived, Officer Lee entered defendant's car. He pressed the brakes, put the car in park, and successfully started the car by pressing the button on the keyless ignition.

Defendant went to Britton's home around noon that day and had been drinking with Britton. That evening, defendant called Mosulak and asked him to come over to Britton's house. At approximately 9:40 p.m., at defendant's request, Mosulak drove with defendant in defendant's car away from Britton's house. After traveling a few blocks from the house, Mosulak and defendant got into an argument. Mosulak pulled the car over to the curb, shut off the car by pressing the button on the keyless ignition, and walked back to Britton's house to retrieve his car.

Defendant then called Britton and asked her to come assist her. Britton drove to the scene. Defendant and Britton then attempted to move the vehicle off the road and into a parking lot. The car was in neutral and the steering wheel was locked, but they were able to push the car approximately four feet. Britton could not recall where she and defendant were located when Officer Lee arrived on scene. Defendant testified that she never got behind the wheel of the vehicle.

A-2624-17T1

At the close of trial, the municipal court judge rendered an oral decision and found defendant guilty of DWI, but dismissed the remaining charges. The judge determined that Mosulak testified credibly that he left defendant's vehicle along the curb and that he had no problem operating the vehicle. The judge also determined that Officer Lee testified credibly that defendant was in the driver's seat when he arrived on scene and that he was able to start the vehicle without issue once the tow truck arrived. Thus, the judge concluded that defendant's vehicle was operable because Mosulak and Officer Lee were able to operate the vehicle without issue. The judge found that defendant could not get the vehicle to start because it "was in neutral and [defendant] couldn't get it going or didn't step on the brake as you have to do with a push-button vehicle and in her intoxicated state, she apparently couldn't figure that out."

The municipal court judge also found that the State had proven beyond a reasonable doubt that defendant had operated the vehicle within the meaning of the DWI statute. The municipal court judge noted, "[a]s far as operation, all the State has to show for purposes of operation is that the person was in the driver's seat, that the person is in control of the car, . . . and had the intention to drive." In this regard, the judge found that the vehicle was in the roadway with defendant behind the wheel when Officer Lee arrived, but that Mosulak had left

4

the vehicle along the curb.  The judge also noted that defendant testified that it was her intention to move her car into a nearby parking lot, and that Britton testified that they had moved the car about four feet.  Furthermore, the judge reasoned that the only way defendant would have known that the vehicle would not start is if she had gotten behind the wheel and attempted to start the car.

The municipal court judge imposed a nine-month driver's license suspension, a nine-month use of an ignition interlock, twelve hours of classes from the Intoxicated Driver Resource Center, and applicable fines.  The judge stayed the imposition of the sentence pending appeal to the Law Division.

On January 26, 2018, Judge Michael T. Collins conducted a trial de novo on the record.  Judge Collins also found defendant guilty of DWI and imposed the same sentence rendered by the municipal court.  Judge Collins found that the municipal courts judge's reasoning was sound and that the judge's conclusions were based upon the testimony and the facts.  Judge Collins stayed the imposition of the sentence pending appeal to this court.

On appeal, defendant argues that the evidence presented at trial was insufficient to prove that defendant operated a vehicle, within the meaning of N.J.S.A. 39:4-50(a), beyond a reasonable doubt.  Specifically, defendant contends that the record lacks sufficient credible evidence to support that (1)

defendant was in control of her vehicle, (2) defendant intended to cause her vehicle to move, and (3) defendant's vehicle was operable.

Our standard of review is well-settled. When a defendant appeals a conviction of a motor vehicle violation following a trial de novo in the Law Division, the scope of appellate review is both narrow and deferential. State v. Stas, 212 N.J. 37, 48-49 (2012). The trial judge's factual findings will not be disturbed where they are supported by sufficient credible evidence in the record. State v. Locurto, 157 N.J. 463, 471 (1999).

Law Division judges in a trial de novo must make their own independent findings of fact since they undertake "an independent fact-finding function in respect of defendant's guilt or innocence." State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000) (citing State v. Avena, 281 N.J. Super. 327, 333 (App. Div. 1995)). "Nevertheless, even on de novo review, the Law Division judge must give due, although not necessarily controlling, regard to the opportunity of the trial judge to judge the credibility of the witnesses." Ibid.

Furthermore, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and

exceptional showing of error." Locurto, 157 N.J. at 474. "However, no such deference is owed to the Law Division or the municipal court with respect to legal determinations or conclusions reached on the basis of the facts." Stas, 212 N.J. at 49.

With this standard of review in mind, we address defendant's contention that the State failed prove that she operated her vehicle. In interpreting the meaning of "operates" in N.J.S.A. 39:4-50(a), we have set forth the following test for operation: "[W]hen one in an intoxicated state places himself behind the wheel of a motor vehicle and not only intends to operate it in a public place, but actually attempts to do so (even though the attempt is unsuccessful) and there is the possibility of motion, he violates the statute." State v. Stiene, 203 N.J. Super. 275, 279 (App. Div. 1985); see also State v. Mulcahy, 107 N.J. 467, 478 (1987) ("This analysis [in Stiene] is consistent with precedent elsewhere. It is clearly established that the term 'operating,' as used in statutes prohibiting the operation of a motor vehicle while intoxicated generally has been construed as broader than the term 'driving.'"). We have not required that the engine be engaged or that there be any movement of the vehicle to establish operation; instead, we focus on the defendant's intent. See State v. Morris, 262 N.J. Super. 413, 418-19 (App. Div. 1993) (holding that defendant operated vehicle when he

placed the key in the ignition and attempted to turn key, but a law enforcement officer grabbed the key before the engine started); Stiene, 203 N.J. Super. at 279 (finding operation where defendant was behind the wheel with the engine off, as the car had run out of gas, with his mother attempting to use another vehicle to push defendant's car).

In assessing whether defendant operated her vehicle, we afford deference to the municipal court judge's findings, adopted by the Law Division, that (1) defendant was behind the wheel of the car, (2) defendant intended to move her car into the parking lot, and (3) defendant and Britton moved the vehicle approximately four feet. These facts are established by sufficient, credible evidence in record. Accordingly, defendant placed herself behind the wheel of the car with the intent to move the vehicle and attempted to do so. See Stiene, 203 N.J. Super. at 279. Although defendant responsibly allowed Mosulak to drive her car initially and attempted to call Britton for help before driving on her own, the facts found by the municipal court judge and Law Division are sufficient to establish beyond a reasonable doubt that defendant operated her vehicle as defined by our precedents.

For these reasons, we reject defendant's challenges to her conviction. To the extent we have not specifically addressed any remaining arguments raised

by defendant, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We affirm defendant's conviction, and the stay of the sentence is vacated effective twenty days from the date of this opinion. Defendant shall appear before the municipal court within twenty days to surrender her license and to remit any outstanding fines and costs.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION