NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2011-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN THOMPSON,

     Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**February 10, 2020**

**APPELLATE DIVISION**

Submitted January 28, 2020 – Decided February 10, 2020

Before Judges Fisher, Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6184.

Law Offices of James A. Abate, LLC, attorneys for appellant (James Alexander Abate, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In appealing his convictions for operating a vehicle while under the influence, N.J.S.A. 39:4-50(a), and for refusing to submit to a breath test, N.J.S.A. 39:4-50.2, defendant argues that the evidence does not support the statutory requirement of "operat[ing]" the vehicle when the record reveals he was found sleeping behind the wheel with the engine running. In affirming, we reject this argument because it is inconsistent with the well-established manner in which "operation" has been defined.

Defendant was convicted by a municipal court and again, via municipal appeal, by the Law Division of violating both N.J.S.A. 39:4-50(a) and N.J.S.A. 39:4-50.2. A two-year license suspension was imposed. In appealing to us, defendant argues:

> I. . . . THERE WAS NO EVIDENCE PRESENTED THAT DEFENDANT OPERATED HIS VEHICLE UNDER THE INFLUENCE OF ALCOHOL, [OR] THAT HE FORMED A CONSCIOUS INTENTION TO DO SO.
>
> II. THE MUNICIPAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO DISQUALIFY [THE STANDARDIZED FIELD SOBRIETY TESTS] DUE TO DEFENDANT'S MEDICAL ISSUES.
>
> III. THE MUNICIPAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING THE ALCOTEST INFLUENCE REPORT DESPITE TIME INCONGRUITY.

## IV. THE EFFECT OF THE CUMULATIVE TRIAL ERRORS IN THE CONTEXT OF THE PROCEEDINGS BELOW DEPRIVED DEFENDANT OF A FAIR TRIAL AND WARRANT REVERSAL.

We find insufficient merit in Points II, III, and IV, to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We reject defendant's first point for the following reasons.

The main issue concerns whether the factual record supported the Law Division judge's determination that defendant was "operating" the motor vehicle within the meaning of N.J.S.A. 39:4-50(a). Our limited scope of review requires deference to the Law Division judge's findings of fact; indeed, in matters that originate in municipal court, appellate deference "is more compelling," and we "ordinarily" will not "undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999); see also State v. Stas, 212 N.J. 37, 49 n.2 (2012).

The record included evidence from which the Law Division found that police officers were called to and arrived at a 7-Eleven in Wanaque on September 7, 2017, around 10:30 p.m., because a male – the defendant – was observed sleeping in his car in the parking lot. The car's engine was running. The officers observed a half-eaten sandwich and prescription bottles on the front

3

passenger seat, and as the officers woke defendant, they smelled a "strong odor of alcoholic beverage." Defendant said he had been sleeping for about thirty to forty minutes. In response to the officers' inquiries, defendant acknowledged he had had "a couple of drinks." After unsatisfactorily performing a several field sobriety tests, defendant was arrested. He later acknowledged at the police station that he was under the care of a physician and was prescribed Methadone, Hydrocodone, Xanax, and Cymbalta. He also admitted he had two drinks within a three-hour period. After careful review of the record, we are satisfied there was ample evidence from which the fact finder could conclude that defendant was intoxicated when he was sleeping behind the wheel of his parked car. The sole question we focus on is whether an intoxicated individual, seated behind the wheel of a vehicle with its engine running, is in violation of N.J.S.A. 39:4-50(a).

Although a violation of N.J.S.A. 39:4-50(a) is commonly referred to as a DWI violation ("driving while intoxicated"), the statute actually makes no mention of "driving" as a fact that must be proven in order to convict an individual of this offense.[1] The statute instead prohibits "operat[ion]" of a

_____

[1] The publishers of New Jersey Statutes Annotated apparently included a title to the statute: "Driving While Intoxicated." That title, however, was not part

vehicle while under the influence.[2] "Operation" has been interpreted broadly, State v. Tischio, 107 N.J. 504, 513-14 (1987); State v. Mulcahy, 107 N.J. 467, 478 (1987); State v. Wright, 107 N.J. 488, 494-503 (1987); State v. Sweeney, 40 N.J. 359, 360-61 (1963), and encompasses more than just "driving" a vehicle. Operation, for example, includes sitting or sleeping in a vehicle, with the engine running, even when the vehicle isn't in motion. Indeed, the Supreme Court has recognized that "operation" may be found from evidence that would reveal "a defendant's intent to operate a motor vehicle." Tischio, 107 N.J. at 513. Thus an intoxicated person could be found guilty of violating N.J.S.A. 39:4-50(a), when running the engine without moving the vehicle, as here, or by moving or attempting to move the vehicle without running its engine, see State v. Stiene, 203 N.J. Super. 275, 279 (App. Div. 1985). Indeed, the Supreme Court has held that an individual who staggers out of a tavern but is arrested before he is able

---

of what the Legislature originally enacted, see L. 1921, c. 208, and was not included by the Legislature in any of its later amendments, including the most recent 2019 amendment, see L. 2019, c. 248, so, the title does not have the force of law. See Phillips v. State, Dep't of Defense, 98 N.J. 235, 244 n.3 (1985); State v. Malik, 365 N.J. Super. 267, 279 (App. Div. 2003); N.J.S.A. 1:1-6. N.J.S.A. 39:4-50(a) requires that we consider whether the defendant was "operating" a vehicle, not whether the defendant was "driving" the vehicle.

[2] For that reason – and maybe to dissuade the public from the misconception that "driving" is required – we should perhaps refer to a violation as an "OWI" ("operating while intoxicated") instead of a "DWI."

A-2011-18T4

to insert a key into his vehicle's ignition may be convicted of N.J.S.A. 39:4-50(a). Mulcahy, 107 N.J. at 470, 483. In short, operation not only includes the circumstances to which we have just referred but may also be established "by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated." State v. Ebert, 377 N.J. Super. 1, 11 (App. Div. 2005). For example, we sustained a DWI conviction where the defendant was not even in her vehicle but instead was looking for her vehicle in a restaurant parking lot while in an intoxicated state. See id. at 9-11. There is no doubt that an intoxicated and sleeping defendant behind the wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a), even if the vehicle was not observed in motion; it is "the possibility of motion" that is relevant. Stiene, 203 N.J. Super. at 279.

As the Supreme Court held in Tischio – and it apparently bears repeating – "[w]e are thus strongly impelled to construe [the statute] flexibly, pragmatically and purposefully to effectuate the legislative goals of the drunk-driving laws," 107 N.J. at 514, which, of course, are to rid our roadways of the scourge of drunk drivers, id. at 512. See also Mulcahy, 107 N.J. at 479 (recognizing, in quoting State v. Grant, 196 N.J. Super. 470, 476 (App. Div.

6

1984), that the drunk driver remains "one of the chief instrumentalities of human catastrophe"). This well-established legislative goal would be frustrated if we were to seek or encourage irrelevant distinctions between what occurred here and what the Supreme Court and this court has already found to be "operation" within the meaning of N.J.S.A. 39:4-50(a).

In so holding, we readily acknowledge this opinion expresses nothing new. We have been driven to publish because of the extraordinary number of times the court has recently faced this precise issue. Seven other times within the last twelve months – each time by unpublished opinion – we have considered whether an intoxicated person, sleeping behind the wheel of a parked car with its engine running, can be convicted of N.J.S.A. 39:4-50(a).[3] For the benefit of the public, as well as the bench and bar, we deem it appropriate to express our holding in a published opinion. See R. 1:36-2(d)(6).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] See State v. Jerda, No. A-1154-18 (App. Div. Jan. 29, 2020); State v. Costa, No. A-2257-18 (App. Div. Dec. 2, 2019); State v. Fleming, No. A-2651-18 (App. Div. Nov. 19, 2019); State v. Young, No. A-1320-18 (App. Div. July 3, 2019); State v. Morcos, No. A-1939-17 (App. Div. June 21, 2019); State v. Yakita, No. A-2589-17 (App. Div. May 29, 2019); State v. Wendler, No. A-0414-17 (App. Div. May 22, 2019). We cite these unpublished opinions not because they are of precedential value – they aren't, R. 1:36-3 – but to illustrate the reason for publishing this opinion.