**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0110-19T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHALE FAGG,

     Defendant-Appellant.

_____

> Submitted December 7, 2020 – Decided January 8, 2021
>
> Before Judges Messano and Hoffman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 19-27.
>
> Albert P. Mollo, attorney for appellant.
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren R. Casale, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Michale Fagg appeals his conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50. We affirm.

I

We derive the following facts from the trial record. On November 4, 2018, at approximately 1:30 a.m., Hillsborough Township Police Officer Andrew Chudy responded to a 9-1-1 call from Jill Muriithi, a resident of an apartment complex on Deanna Drive. Ms. Muriithi reported observing a vehicle blocking the entrance to the parking lot for the complex; at trial, she recounted the vehicle "was just sitting there with the lights on." Ms. Muriithi pulled around the vehicle, "up over the curb," in order to enter the lot, passing the driver's side on her left. As she passed the stopped vehicle, Ms. Muriithi looked into the driver's side window, and saw a man asleep at the wheel. Ms. Muriithi then went into her apartment. About fifteen to twenty minutes later, she looked out "her kitchen window and the car was still there"; at that point, she called the police. While on the phone with dispatch, Ms. Muriithi observed the vehicle's driver stumble around outside of his vehicle, and then urinate on some bushes.

After listening to the recording of her 9-1-1 call, Ms. Muriithi testified she recognized her own voice telling the dispatcher that "it looks like the car was

A-0110-19T2

moved." While she did not see anyone move the vehicle, she noted "the car was not in the same position."

When Officer Chudy arrived, he observed the vehicle "not even in a parking space. It was in the entrance to the complex[,] blocking the flow of traffic in and out. . . . the vehicle was running. The headlights were on." He recounted observing "numerous" open parking spaces in the lot.

As Officer Chudy approached the vehicle, he found defendant "sitting behind the wheel . . . kind of slumped over," doing something in his lap. Defendant told the officer he was in the area for a coworker's party and was only in his vehicle "to warm up" and "charge his phone . . . he wasn't going to drive." Officer Chudy noted defendant's speech was rambled and repetitive.

After directing defendant to exit his vehicle, Officer Chudy administered three separate field sobriety tests. Defendant failed the first two tests. He did not complete the third test – after defendant "fell into his vehicle," Officer Chudy "was worried that if [defendant] were allowed to continue the test he may fall and strike his head on the ground."

At that point, Officer Chudy arrested defendant, charged him with DWI, N.J.S.A. 39:4-50, and a parking offense, N.J.S.A. 39:4-138(d), and transported

him to Hillsborough Police Headquarters.  There, defendant acknowledged he drank alcohol at the party.

On April 8, 2019, defendant appeared for trial in Hillsborough Municipal Court.  At trial, the State presented the testimony of Ms. Muriithi  and Officer Chudy.  The judge described the testimony of both witnesses as "highly credible."  Without objection, defendant introduced written statements from Theodore Matthews and Tamika Otto, who were present with defendant at Matthews' apartment.  They corroborated that defendant went to his vehicle to charge his cell phone.

Defendant then moved to dismiss the matter, asserting the State failed to prove the necessary element of operation beyond a reasonable doubt.  The judge denied the motion and found "it is obvious that where the car was parked indicates it was in operation."

After the judge denied the motion, defendant entered a conditional guilty plea to DWI and public urination, and the State agreed to the dismissal of the illegal  parking charge.  The judge imposed $789 in fines, twelve hours in the Intoxicated Driver's Resource Center, and a three-month driver's license suspension. The judge granted a stay of defendant's license suspension pending appeal.

Defendant appealed his conviction and a de novo trial occurred in the Law Division on June 30, 2019. During that hearing, defendant again asserted the State failed to prove beyond a reasonable doubt that he operated or intended to operate a motor vehicle while intoxicated. On August 20, 2019, the Law Division judge issued a written opinion, rejecting defendant's operation defense, and finding him guilty of DWI. The judge found that defendant, while intoxicated, sat behind the wheel of his vehicle with the engine and headlights on, and "intended to operate his motor vehicle." He therefore concluded the State proved beyond a reasonable doubt that [defendant] was driving while intoxicated. The judge did not impose a different sentence but did grant a continued stay of defendant's license revocation pending appeal to this court.

This appeal followed, with defendant arguing:

> THE TRIAL COURT ERRED IN CONVICTING APPELLANT BECAUSE THE STATE HAS NOT PROVEN OPERATION BEYOND A REASONABLE DOUBT

II

On appeal from a municipal court, the Law Division's review is de novo. R. 3:23-8(a)(2). The Law Division makes independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

A-0110-19T2

On subsequent appeal from the Law Division, our review of the Law Division's factual findings is limited to whether the conclusions "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999).

The rule of deference is more compelling where the municipal court and Law Division made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). However, the Law Division's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

This appeal turns on whether the record supported the Law Division's determination that defendant operated a vehicle within the meaning of N.J.S.A. 39:4-50(a). "[A] person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood" is guilty of DWI. N.J.S.A. 39:4-50(a). We broadly interpret "operates" to include more than driving. See State v. Tischio, 107 N.J. 504, 513 (1987); State v. Mulcahy, 107 N.J. 467, 478-79 (1987). Operation may be established by a variety of circumstances, including "actual observation of defendant driving while intoxication," "observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated," or defendant's admission. State v. Ebert, 377 N.J. Super. 1, 10-11 (App. Div. 2005). Furthermore, "[o]peration may be proved by any direct or circumstantial evidence — as long as it is competent and meets the requisite standards of proof." State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992).

We recently sustained a DWI conviction against an intoxicated defendant sleeping in his vehicle with the engine running while parked in a 7-Eleven parking lot. State v. Thompson, 462 N.J. Super. 370, 373-75 (App. Div. 2020). We concluded, "There is no doubt that an intoxicated . . . defendant behind the

wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a), even if the vehicle was not observed in motion; it is 'the possibility of motion' that is relevant." Id. at 375 (quoting State v. Stiene, 203 N.J. Super. 275, 279 (App. Div. 1985)).

Based on these principles and our review of the record, we are satisfied the Law Division reasonably found defendant guilty on sufficient, credible evidence in the record. Late at night, Ms. Muriithi and Officer Chudy observed defendant sitting in the driver's seat of his vehicle with the engine running and the headlights on. Despite numerous open parking spaces, defendant parked in the entrance to a parking lot. He had difficulty communicating and maintaining his balance, failed two sobriety tests, and admitted to drinking alcohol before starting his vehicle. Moreover, though no one observed defendant drive, Ms. Muriithi testified that defendant's vehicle moved from where she first saw it. The observations of Ms. Muriithi and Officer Chudy coupled with the surrounding circumstances provide ample evidence of defendant's guilt. We discern no basis to disturb the Law Division judge's determination that defendant was guilty of DWI beyond a reasonable doubt.

A-0110-19T2

The stay of sentence entered by the Law Division is vacated. Defendant shall turn in his driver's license to the Hillsborough Municipal Court within five days of the date of this opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0110-19T2