**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2776-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL LINDSEY,

    Defendant-Appellant.

_____

Submitted January 6, 2021 – Decided February 23, 2021

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Municipal Appeal No. 20-18-2101.

John J. Caleca, III, attorney for appellant.

James L. Pfeiffer, Acting Warren County Prosecutor, attorney for respondent (Dit Mosco, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Michael Lindsey appeals his convictions for driving while intoxicated (DWI), N.J.S.A. 39:4-50, refusal to submit to a chemical breath test, N.J.S.A. 39:4-50.4a, and violating implied consent to a chemical breath test, N.J.S.A. 39:4-50.2. Defendant argues:

> POINT I
>
> THE STATE FAILED TO PROVE [DEFENDANT] "OPERATED" THE VEHICLE OR HAD THE INTENT TO "OPERATE" THE VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
>
> POINT II
>
> THE STATE FAILED TO PROVE DEFENDANT WAS UNDER THE INFLUENCE OF ALCOHOL, THEREFORE, DEFENDANT SHOULD NOT HAVE BEEN ARRESTED FOR DWI.

We affirm.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

Our assessment of the Law Division judge's factual findings is limited to whether the conclusions "could reasonably have been reached on sufficient

A-2776-19

credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, which conducts a trial de novo on the record, R. 3:23-8(a)(2), we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is compelling where, such as here, the municipal and Law Division judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). However, the Law Division's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference," Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), in which case we exercise plenary review, State v. Handy, 206 N.J. 39, 45 (2011).

A. Operation

"A person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol

3

concentration of 0.08% or more by weight of alcohol in the defendant's blood . . . " is guilty of DWI. N.J.S.A. 39:4-50 (a). We broadly interpret "operates" to include more than driving. See State v. Tischio, 107 N.J. 504, 513 (1987); State v. Mulcahy, 107 N.J. 467, 478-79 (1987). Hence, operation may be established by a variety of circumstances, including "actual observation of the defendant driving while intoxicated," "observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated," or defendant's admission. State v. Ebert, 377 N.J. Super. 1, 10-11 (App. Div. 2005). Furthermore, "[o]peration may be proved by any direct or circumstantial evidence – as long as it is competent and meets the requisite standards of proof." State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992) (concluding the defendant had an intent to operate his idling truck parked in an empty parking lot at 11:45 p.m. with the headlights and windshield defroster on while he was in the driver's seat talking to a female pedestrian).

We recently sustained a DWI conviction against an intoxicated defendant sleeping in his vehicle with the engine running while parked in a convenience store parking lot. State v. Thompson, 462 N.J. Super. 370, 373-75 (App. Div. 2020). We concluded, "[t]here is no doubt that an intoxicated . . . defendant behind the wheel of a motor vehicle with the engine running is operating the

vehicle within the meaning of N.J.S.A. 39:4-50(a), even if the vehicle was not observed in motion; it is 'the possibility of motion' that is relevant." Id. at 375 (quoting State v. Stiene, 203 N.J. Super. 275, 279 (App. Div. 1985)); see also State v. Sweeney, 40 N.J. 359, 360-61 (1963) (holding operation of a vehicle established where the defendant "enter[ed] a stationary vehicle, on a public highway or in a place devoted to public use, turn[ed] on the ignition, start[ed] and maintain[ed] the motor in operation and remain[ed] in the driver's seat behind the steering wheel, with the intent to move the vehicle").

Defendant argues that the Law Division "erred as matter of law in finding [he] operated, had the intent to operate[,] or was in actual physical control of [his] vehicle." We disagree.

At approximately 2:26 a.m., New Jersey State Police Troopers Eric Guzman and Marcello Muchuca saw defendant standing outside a vehicle with flashing lights on, parked on the side of Interstate 80 in Allamuchy Township, adjusting his pants. At this point, the troopers activated their vehicle's emergency lights, whereupon defendant raised his hands and then walked back to enter into his vehicle. Neither trooper testified seeing defendant drive his vehicle. Muchuca testified that defendant's engine and headlights were on as he

and Guzman exited their vehicle to talk to defendant.  No one else was with defendant.

Defendant advised the troopers that after coming from Mount Airy Casino, he stopped his vehicle because he had to urinate on the side of the road. He said he had a drink "hours ago."  After the troopers administered the standard field sobriety test (SFST), they arrested and charged him with DWI and refusal to submit to a chemical breath test.

The Law Division made a finding independent of the municipal court that based upon sufficient, credible evidence in the record–the trooper's testimony and the motor vehicle recording depicting their roadside confrontation, questioning, and field sobriety tests on defendant–the State proved beyond a reasonable doubt defendant's operation and intoxication under N.J.S.A. 39:4-50(a).  We conclude that defendant had driven his vehicle and parked it along the side of the highway and had the intent to operate his vehicle when he was approached by the troopers.

B. Intoxication

Intoxication under N.J.S.A. 39:4-50 may be proven by evidence of a defendant's physical condition.  State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003).  The State need not prove "that the accused be absolutely 'drunk' in

6

the sense of being sodden with alcohol. It is sufficient if the presumed offender has imbibed to the extent that his physical coordination or mental faculties are deleteriously affected." State v. Nemesh, 228 N.J. Super. 597, 608 (App. Div. 1988) (quoting State v. Emery, 27 N.J. 348, 355 (1958)). In State v. Morris, 262 N.J. Super. 413, 421 (App. Div. 1993), we upheld a DWI conviction, finding that slurred speech, disheveled appearance, bloodshot eyes, alcoholic odor on the breath, and abrasive demeanor were evidence of the defendant's intoxication. See also State v. Moskal, 246 N.J. Super. 12, 20-21 (App. Div. 1991) (holding that defendant's flushed face, "drooping and red" eyes, admission of drinking, and the strong odor of alcohol established probable cause for arrest).

Recognizing that "sobriety and intoxication are matters of common observation and knowledge, New Jersey has permitted the use of lay opinion testimony to establish alcohol intoxication." State v. Bealor, 187 N.J. 574, 585 (2006). Moreover, it is well established that a police officer's subjective observation of a defendant is a sufficient ground to sustain a DWI conviction. See State v. Cryan, 363 N.J. Super. 442, 455-56 (App. Div. 2003).

Defendant argues the Law Division "erred as a matter of law in finding that [he] was under the influence of alcohol based on the . . . record." In particular, he contends the State's only evidence of his alleged intoxication was:

(1) his admission "that he had one drink over his guess that he had the drink an hour and one half prior"; (2) "the walk[-]and[-]turn and the one[-]leg stand were given, instructions explained, demonstrated[,] and graded by Trooper Guzman even though he was not qualified to [do so] because he was not certified at the time"; and (3) "the observations of the troopers." Again, we are unpersuaded by defendant's arguments.

Guzman testified that defendant slurred his speech, his face appeared slightly pale, and his eyes were bloodshot and watery. He stated defendant's movement were "slow and fumbling" when he produced his driving documentation, and he "fumbled around in his, in his vehicle, . . . searching for the . . . handle to the door, until . . . he finally opened it." Guzman also detected the odor of an alcoholic beverage emanating from defendant.

Muchuca started the administration of SFST while Guzman observed. Only Muchuca was certified to administer the SFST. During the first test, the horizontal gaze nystagmus (HGN), Muchuca testified that defendant swayed while he stood. Guzman also saw that defendant continuously leaned for balance, with his feet wide apart for stability. Defendant's speech during the HGN was "shouting, rambling, very incoherent[,]" while also whining and stuttering.

A-2776-19

Guzman administered the walk-and-turn test, testifying that defendant interrupted him while he gave instructions and during the test. At one point, defendant laughed during the instructions and objected to how he was positioned. Defendant also constantly stepped off the starting position and began the test before being told to do so, contrary to instructions. Muchuca stated that defendant failed the test.

Next, Muchuca administered the one-leg stand test. After being instructed on how to perform the test, defendant repeatedly asked how to complete it. Further, when performing the test, he swayed while balancing, dropped his foot, and extended his arms greater than six inches for balance. Concluding that defendant also failed this test, Muchuca believed he "was definitely under the influence of alcohol."

Defendant was placed under arrest for suspicion of driving while intoxicated. As he was led to the troopers' vehicle, defendant swayed and leaned on Guzman's hand. Guzman noted that once defendant entered the vehicle, its interior began to smell of alcohol. At the troopers' barracks, Guzman observed that defendant continued to sway as he walked while Guzman held his back for balance. After being read the standard Attorney General Statement for Motor

Vehicle Operators, defendant refused to submit to the Alcotest in order to provide breath samples.

In its oral decision, the Law Division made a finding independent of the municipal court that the record established the State proved beyond a reasonable doubt defendant was operating a vehicle while intoxicated based on his: physical condition, odor of alcohol, and inability to follow instructions and perform the SFST. Based on the principles governing our review, we see no reason to disagree. There was sufficient, credible evidence in the record that defendant was intoxicated when he operated his vehicle or had the intent to operate his vehicle.

To the extent that we have not addressed any of defendant's arguments it is because we have concluded that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2776-19